IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

DAMIEN MICHAEL PIERCE,           )
                                 )
        Petitioner,              )
                                 )      Civil Action No.
    v.                           )      3:16cv989-WKW
                                 )      [WO]
UNITED STATES OF AMERICA,        )
                                 )
        Respondent.              )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Damien Michael Pierce's motion to vacate, set aside, or correct

sentence under 28 U.S.C. § 2255.  Doc. # 1.[1]

## I.  INTRODUCTION

In April 2012, a jury in the Middle District of Alabama found Pierce guilty of

conspiracy to possess firearms in furtherance of crimes of violence, in violation of 18

U.S.C. § 924(o) (Count One); aiding and abetting carjacking, in violation of 18 U.S.C. §§

2119, 2 (Count Four); and aiding and abetting the brandishing and discharging of a firearm

in furtherance of a crime of violence (the carjacking in Count Four), in violation of 18

---

[1] Unless otherwise indicated, references to document numbers ("Doc. #") in the body of this Recommendation are to the document numbers of the pleadings, motions, and other materials in the court file of this civil action (Civil Action No. 3:16cv989-WKW), as compiled and designated on the docket sheet by the Clerk of Court.  References to document and page numbers of materials in the court file of the underlying criminal case (Criminal Case No. 3:11cr8-WKW) appear in footnotes in this Recommendation.  For both this civil action and the underlying criminal case, pinpoint citations in this Recommendation are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

U.S.C. §§ 924(c)(1)(A)(ii)–(iii), (c)(1)(C)(i), 2 (Count Five).  After a sentencing hearing on September 18, 2012, the district court sentenced Pierce to 288 months in prison, consisting of 168 months on Counts One and Four, concurrently, and 120 months on Count Five, to run consecutively to Counts One and Four.

Pierce appealed, arguing that the district court erred by (i) denying the motion for a new trial;[2] (ii) denying the motion for judgment of acquittal; (iii) applying a four-level enhancement for abduction; and (iv) considering statements in the presentence investigation report ("PSI") for which there was no reliable supporting evidence.  *See* Doc. # 16-4.  On December 16, 2015, the Eleventh Circuit issued an opinion affirming Pierce's convictions and sentence.  *Sub nom. United States v. Wilson*, 634 F. App'x 718 (11th Cir. 2015); Doc. # 16-5.

On December 19, 2016, Pierce, acting *pro se*, filed this § 2255 motion asserting claims that his counsel rendered ineffective assistance in the following ways:

1.   Counsel failed to communicate with him and inform him of the relevant circumstances and likely consequences of pleading guilty as opposed to proceeding to trial.

2.   Counsel failed to attempt to negotiate a favorable plea agreement with a less harsh sentence.

3.   Counsel failed to conduct an adequate and independent pretrial investigation.

4.   Counsel failed to file substantive pretrial motions.

---

[2] In his motion for new trial, Pierce argued that he was prejudiced due to being tried with two of his codefendants and that the evidence preponderated heavily against the jury's verdict such that it would be a miscarriage of justice to let the verdict stand.

2

5. Counsel failed to communicate with him and inform him about his trial strategy and about available affirmative defenses.

6. Counsel failed to prepare for trial by researching the law and interviewing witnesses.

7. Counsel failed to subpoena defense witnesses and call them to testify on his behalf.

8. Counsel failed to review, discuss, and explain the PSI before the sentencing hearing.

9. Counsel failed to file substantive objections to the PSI.

10. Counsel failed to argue for mitigation of punishment and to object to his sentence being substantively unreasonable.

11. Counsel failed to communicate with him about his appeal.

12. Counsel did not allow him to participate in his appeal.

13. Counsel failed to raise stronger issues on appeal, instead of the weak issues that counsel raised.

Doc. # 1 at 4–8; *see* Doc. # 2.

In an amendment filed in March 2017, Pierce made further assertions of ineffective assistance of counsel, including allegations that his counsel (1) failed to communicate a plea offer by the Government to him; (2) failed to interview and subpoena essential witnesses; (3) improperly advised him not to testify; and (4) should have moved to sever his trial from that of his codefendants. Doc. # 11; Doc. # 11-1.

In August 2017, Pierce amended his § 2255 motion to add a claim that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidates his conviction under 18 U.S.C. § 924(c) because the underlying carjacking charged in that offense cannot qualify as a crime of violence under § 924(c)'s residual clause. Doc. # 25.

3

In October 2019, Pierce moved to supplement his § 2255 motion with a claim that the Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319 (2019), invalidates both his conviction under 18 U.S.C. § 924(c) and his conviction under 18 U.S.C. § 924(o). Doc. # 47.

For the reasons that follow, the court concludes that Pierce's § 2255 motion should be denied without an evidentiary hearing and this action should be dismissed with prejudice. Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

## II. DISCUSSION

### A.   General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner may have relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

### B.   Claims of Ineffective Assistance of Counsel in Pierce's § 2255 Motion

A claim of ineffective assistance of counsel is evaluated under the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). An attorney is considered constitutionally ineffective if (1) his "performance was deficient" and (2) that "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is highly deferential, and the court indulges a strong presumption that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id.* (internal quotation marks and brackets omitted).

Under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the results of the proceeding fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.").

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* test, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *see Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

A defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To establish ineffective assistance of appellate counsel, a movant must demonstrate "that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker[.] Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994).

### 1.   *Claims Related to Potential Guilty Plea and Plea Offer*

Pierce present several claims of ineffective assistance of counsel regarding his trial counsel's performance with respect to a potential guilty plea and plea offer in his case. Doc. # 1 at 4; Doc. # 2 at 24–27, 30–31; Doc. # 11 at 1–2.

First, Pierce cursorily asserts that his counsel was ineffective for failing to communicate with him and inform him of the relevant circumstances and likely consequences of pleading guilty as opposed to proceeding to trial. *See* Doc. # 1 at 4; Doc. # 2 at 24. While "there is no constitutional right to plea bargain," *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977), prejudice can be shown if "there is a reasonable probability that, but for counsel's errors, [the movant] would have pleaded guilty and would not have

insisted on going to trial." *Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995) (quotation marks and alterations omitted).

Because Pierce was not constitutionally entitled to a plea deal, he must establish how he was prejudiced by his counsel's alleged failure to communicate with him about the circumstances and consequences of pleading guilty. Regarding this claim, however, Pierce makes no showing that, but for his counsel's allegedly deficient performance, there is a reasonable probability he would have pled guilty on terms that were more favorable to him. Consequently, is entitled to no relief on this allegation of counsel's ineffective assistance.

Pierce next asserts that his counsel was ineffective for failing to attempt to negotiate a favorable plea agreement with a less harsh sentence. *See* Doc. # 1 at 4; Doc. # 2 at 24, 30–31. "A petitioner . . . fails to establish that he was prejudiced by counsel's failure to negotiate a more favorable plea agreement with nothing more than the bald assertion that such an agreement might have been possible." *Cummings v. United States*, 2013 WL 2422889, at *8 (S.D. Ga. 2013). Pierce makes only a general, unsupported assertion that a more favorable plea agreement might have been possible. Consequently, he fails to establish that he was prejudiced by his counsel's failure to negotiate such a plea agreement. He is entitled to no relief on this claim.

In his March 2017 amendment to his § 2255 motion, Pierce claims his counsel was ineffective for failing to communicate a plea offer by the Government to him. *See* Doc. # 11; Doc. # 11-1 at 3. Although Pierce does not actually present this claim in the body of his motion to amend, he makes the claim in an affidavit he submitted with that motion. Doc. # 11-1 at 3. There he states: "[Counsel] never brought to my attention about a plea

offer from the government, or discussed with me of a possibility of a plea offer than going to trial.  If I knew of a plea offer from the government and were a reasonable plea offer I probably would have plea guilty."  Doc. # 11-1 at 3.  Pierce's affidavit provides no additional facts supporting this claim.

On August 14, 2017, in a reply to the Government's response to his § 2255 motion, Pierce appears to suggest—for the first time—that the plea offer his counsel failed to bring to his attention was one made by the Government sometime around February 2012.  Doc. # 24 at 6–8.  Pierce attaches as an exhibit to his reply a copy of a letter from his counsel dated February 15, 2012, in which his counsel informs Pierce that he had spoken with Assistant U.S. Attorney Brandon Essig and that Essig had indicated he would be willing to extend Pierce a plea offer for which there would be a likely sentence of about 10 years, providing Pierce cooperated with authorities by testifying against his codefendant Reco Daniels.  Doc. # 24–1 at 2.  In the letter to Pierce, counsel further states that he turned down the offer because, at that point in time, after his review of Pierce's case file, there appeared to be "virtually no circumstantial evidence linking [Pierce] to the crime."  *Id.*  Counsel goes on to state that he believes accepting the offer would not be in Pierce's best interest and that he is "very confident that we will be victorious at a trial."  *Id.*  Counsel's letter concludes by telling Pierce he should feel free to contact him via U.S. mail if he has any questions.  *Id.*

Because the allegations in Pierce's March 17, 2017 affidavit and in his pleadings are so vague, it isn't entirely clear from Pierce's claim that he is referring to the offer mentioned in his counsel's February 15, 2012 letter as the offer that counsel failed to bring

to his attention.  The offer was brought to Pierce's attention in the letter.  Although counsel indicates in the letter that he turned down the offer, he advises Pierce to contact him if he has any questions.  Pierce makes no claim that, after receiving counsel's letter, he contacted counsel to advise him to accept the offer or that he ever urged counsel to pursue the offer or to pursue further plea negotiations with the Government.

In December 2017, the Government supplemented its response to Pierce's § 2255 motion with copies of a March 2012 email exchange between Assistant U.S. Attorney Monica Stump and Pierce's trial counsel in which Stump states, on March 1, that "the best offer we have" is for Pierce to plead guilty "to the carjacking and 924(c) counts" and that if Pierce "is willing to come in and cooperate, including testifying against his co-defendants, we would consider offering him a 5K."  Doc. # 35-1 at 2.  In his March 6 email responding to Stump (and also addressing Essig), Pierce's counsel states: "I have discussed the plea offer Monica emailed to me on March 1, 2012.  Mr. Pierce has decided to decline the offer and plans to proceed to trial."  Doc. # 35-2 at 2.

In *Missouri v. Frye*, 566 U.S. 133 (2012), the Supreme Court explained that "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Id*. at 145.  A formal offer is one with sufficient terms and processing that it "can be documented so that what took place in the negotiation process becomes more clear if some later inquiry turns on the conduct of earlier pretrial negotiations." *Id*. at 146.  Counsel must also "assist the defendant actually and substantially in deciding whether to enter the plea." *Owens v. Wainwright*, 698 F.2d 1111, 1113 (11th Cir. 1983).  To meaningfully advise the

defendant in the plea context, counsel "must be sufficiently familiar with the facts and law" of the defendant's case.  *Owens*, 698 F.2d at 1114.  Beyond that, the Supreme Court has noted that "the duty and responsibilities of defense counsel in the plea bargain process" are difficult to define, as such negotiations are an art "at least as nuanced as trial advocacy." *Frye,* 566 U.S. at 144.

Even if counsel performed deficiently in advising the defendant to reject a plea offer, the defendant still must demonstrate prejudice to be entitled to relief on a § 2255 motion. *See Lafler v. Cooper*, 566 U.S. 156, 163–64 (2012); *see also Osley v. United States*, 751 F.3d 1214, 1223 (11th Cir. 2014).  To show prejudice in the plea context, the defendant must show that, but for counsel's ineffective advice, there is a reasonable probability that: (1) he would have accepted the plea offer; (2) the prosecution would not have withdrawn it due to any intervening circumstances; (3) the court would have accepted its terms; and (4) the conviction or sentence, or both, would have been less severe than that actually imposed.  *Lafler,* 566 U.S. at 164.

To satisfy the first prong of this test, the defendant must allege that he would have accepted the plea offer absent counsel's deficient performance.  *See Rosin v. United States*, 786 F.3d 873, 878 (11th Cir. 2015).  However, the movant's "own conclusory after-the-fact-assertion" that he would have accepted a guilty plea, without more, is insufficient to demonstrate an entitlement to relief.  *See id.* at 879; *see also Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991) ("Given appellant's awareness of the plea offer, his after the fact testimony concerning his desire to plead, without more, is insufficient to establish that but for counsel's alleged advice or inaction, he would have accepted the plea offer.").

This is particularly so where the defendant consistently professed his innocence both before and after trial. *Osley*, 751 F.3d at 1225 ("Osley's insistence on his innocence, both before and after trial, makes it more difficult to accept his claim that he would have taken a fifteen-year plea deal."); *see also Rosin*, 786 F.3d at 878–79 (finding defendant failed to sufficiently allege prejudice where the record showed he had consistently maintained his innocence and refused to accept responsibility).

Here, the court finds that Pierce turned down informal plea offers by the Government. Pierce does not plead sufficient facts to demonstrate the existence of a formal plea offer; i.e., he fails to establish what the ultimate terms of any plea agreement with the Government would have been. Pierce's March 2017 affidavit does not mention the terms of the plea offer that supposedly was not communicated to him, although in his August 2017 reply to the Government's response, he presents evidence, in particular the letter he received from his counsel, of some of the terms of an offer made by the Government in February 2012. Some of the terms of an offer presented to, and turned down by, Pierce in March 2012 are also reflected in the email exchange between Assistant U.S. Attorney Stump and Pierce's counsel, but again, the ultimate terms of any plea agreement cannot be gleaned from that exchange.

Pierce maintains that his counsel performed deficiently by advising him to turn down the Government's plea offers in light of what counsel described as a lack of circumstantial evidence against Pierce, and by telling Pierce he was "very confident" they would be "victorious at a trial." Thus, Pierce appears to change his claim from one of not being informed of a plea offer to an allegation that his counsel gave him professionally

unreasonable advice about a plea offer he was informed of.  But Pierce does not demonstrate that his counsel, in his advice to Pierce, misapprehended the nature and weight of the evidence against him.  Moreover, there is a difference between expressing optimism about a defendant's chances at trial and guaranteeing that the defendant will win.  *Cf. Lafler*, 566 U.S. at 163 ("In this case all parties agree the performance of respondent's counsel was deficient when he advised respondent to reject the plea offer on the grounds he *could not be convicted* at trial." (emphasis added)).  Even if Pierce's counsel did express confidence in the chances of winning at trial, counsel did not guarantee that Pierce would win.  Pierce therefore has not demonstrated that his counsel's advice concerning the Government's plea offer was objectively unreasonable.  *Nejad v. Att'y Gen.*, 830 F.3d 1280, 1290 (11th Cir. 2016); *Owens*, 698 F.2d at 1113–14.

Further, Pierce does not show that, absent his counsel's alleged misadvice, he would have accepted the Government's plea offer.  *See Rosin*, 786 F.3d at 878–79.  Pierce has persistently refused to accept responsibility and adamantly professed his innocence throughout his direct criminal and § 2255 proceedings.  At his sentencing hearing, Pierce insisted upon his innocence and argued that all the witnesses who testified against him at trial and those who provided evidence relevant to his sentencing were lying when they implicated him in the crimes he was convicted for.  Thus, the record belies Pierce's claim that he would have accepted a plea offer from the Government absent his counsel's allegedly deficient performance.  Rather, "[t]he evidence shows that [Pierce], in fact, had absolutely no interest in accepting any responsibility or guilt whatsoever," and even now

is not truly interested in admitting any wrongdoing.  *Id.* at 879; *see also Osley*, 751 F.3d at 1224–25; *Diaz,* 930 F.2d at 835.

Finally, on this record, Pierce fails to establish that any plea offer would not have been rescinded (and thus not presented to the court) because of intervening circumstances—for instance, by Pierce's unwillingness to cooperate with the Government by, among other things, testifying against his codefendants.  *See Lafler*, 566 U.S. at 164; *Osley*, 751 F.3d at 1222.  Nor has Pierce pled sufficient facts to establish that the district court would have accepted the terms of the hypothetical plea agreement or that the sentence imposed under such an agreement would have been less severe than the sentence that in fact was imposed.  *Lafler*, 566 U.S. at 164.

A district court must hold a hearing if the movant has alleged "reasonably specific, non-conclusory facts that, if true, would entitle him to relief," but it "need not hold a hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record."  *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014) (quotation marks omitted).  Pierce does not present reasonably specific, non-conclusory facts showing the existence of any formal plea offer by the Government not communicated to him.  Nor, as indicated above, does he allege facts showing that any offer would not have been rescinded because of intervening circumstances and would have been accepted by the district court, and that the ultimate terms of any plea agreement would have been less severe than the sentence he received. Pierce therefore fails to show a reasonable probability that he would have pled guilty and

opted not to go to trial but for his counsel's allegedly deficient performance.  Consequently, he is entitled to no relief on this claim of ineffective assistance of counsel.

### 2.  *Pretrial Investigation*

Pierce next claims his trial counsel rendered ineffective assistance by failing to conduct an adequate and independent pretrial investigation.  *See* Doc. # 1 at 4; Doc. # 2 at 29–30.

To show prejudice based on defense counsel's allegedly inadequate investigation, a defendant must show what information would have been obtained from further investigation and also show it would have produced a different outcome in the proceedings. *See Palmer v. Clarke*, 408 F.3d 423, 445 (8th Cir. 2005) (the defendant could not show "prejudice," because he failed to demonstrate specifically what further evidence would have been uncovered and how it would have affected the outcome of the trial, and instead, rested on "general allegations," which the court held were insufficient); *see also, e.g., United States v. Price,* 357 F. Supp. 2d 63, 67–68 (D.D.C. 2004).

Here, Pierce provides no identifiable, specific facts other than his broad allegation that his counsel failed to conduct an adequate investigation.  This conclusory allegation is insufficient to support a claim of ineffective assistance of counsel.  Pierce does not demonstrate that his counsel's actions were professionally unreasonable or that he was prejudiced by counsel's allegedly deficient performance.  He is entitled to no relief based on this claim.

### 3.  *Failure to File Substantive Pretrial Motions*

Pierce claims that his trial counsel was ineffective for failing to file substantive pretrial motions to challenge the Government's case. Doc. # 1 at 4; Doc. # 2 at 24, 26–27.

In this regard, Pierce cursorily asserts that his counsel should have filed a request for Fed.R.Evid. 404(b) material, a motion to dismiss "for want of sufficiency," a motion to obtain the grand jury testimony, and a motion to suppress "on the grounds of malicious arrest," and a motion to dismiss based on the indictment's vague. Doc. # 2 at 26–27. Pierce sets forth no grounds upon which these motions might have been based and presents no argument suggesting how any of these motions might have succeeded.[3] Therefore, he cannot demonstrate that his counsel's performance in this regard was professionally unreasonable or prejudicial. *Strickland,* 668 U.S. at 687–88. *See DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir.2000) (defendant must establish prejudice where counsel failed to file a motion to suppress evidence); *Iron Wing v. United States*, 34 F.3d 662, 665 (8th Cir.1994) (defendant is not prejudiced by counsel's failure to file a motion to suppress if it would have been denied). Pierce's failure to demonstrate any prejudice precludes his obtaining relief on this claim of ineffective assistance of counsel.

### 4.   *Communication About Trial Strategy and Available Affirmative Defenses*

_____

[3] In responding to Pierce's claim, the Government notes that Pierce's counsel filed several pretrial motions and responses on behalf of Pierce. *See* Criminal Case No. 3:11cr8-WKW, e.g., Docs. # 158 (motion to sever); 167 (motion to suppress identification); 241 (motion in limine to exclude expert testimony regarding gang activity), 274 (response to Government's motion in limine), 277 (response to Government's motion in limine), 279 (response to Government's motion in limine), 284 (response to Government's motion in limine), 285 (response to Government's motion in limine), 286 (response to Government's motion in limine), 296 (response to Government's motion in limine), 297 (response to Government's notice of Rule 404(b) evidence), 298 (response to Government's notice of Rule 404(b) evidence), 317 (notice of potential alibi defense), 329 (motion in limine regarding hearsay testimony).

Pierce claims his trial counsel rendered ineffective assistance by failing to communicate with him and inform him about his trial strategy and about available affirmative defenses.  Doc. # 1 at 5; Doc. # 2 at 31.

Pierce's only specific allegation supporting this claim is that his counsel did not inform him of "plans or theories" to argue against the Government's filings.  Pierce points to no affirmative defenses that his counsel should have informed him of, and he does not suggest how any unpresented affirmative defense might have succeeded.  His broad, non-specific assertions regarding this claim do not demonstrate that his counsel's actions were professionally unreasonable or that he was prejudiced by counsel's allegedly deficient performance.  Consequently, he is entitled to no relief based on this claim of ineffective assistance of counsel.

### 5.   *Preparation for Trial, Research, and Interviewing Witnesses*

Pierce claims his trial counsel rendered ineffective assistance by failing to prepare for trial by researching the law and interviewing witnesses.  Doc. # 1 at 5; Doc. # 2 at 31–33.  In addition, Pierce claims his counsel was ineffective for failing to subpoena certain defense witnesses and call them to testify at trial.  *Id*; Doc. # 11.

As with several of his others claims, Pierce's claim regarding his counsel's alleged failure to prepare for trial by researching the law and interviewing witnesses amounts to an unsupported, non-specific assertion.  The trial record, moreover, does not support Pierce's claim that his counsel was unprepared for trial.  Pierce does not demonstrate that his counsel's performance was deficient or that he was prejudiced by that allegedly deficient performance.

In his § 2255 motion, Pierce does not specify any particular witness that his counsel should have interviewed and then called to testify at his trial. However, in an affidavit accompanying his March 2017 amendment, Pierce alleges that Stephanie Chainey, Ronda Chainey, and Valerie Long should have been interviewed by counsel and called to testify. Doc. # 11-1 at 2. According to Pierce, Stephanie Chainey should have been called to testify because she was a friend of one of the victims and had conversations with the victim that would have "exonerated" Pierce. *Id.* According to Pierce, Ronda Chainey was privy to these conversations and, as a result, could also have given testimony exonerating Pierce. *Id.* Pierce states that Valerie Long, an unindicted coconspirator, had a conversation with her sister from jail where she mentioned that she did not know Pierce. *Id.* According to Pierce, Long's statement showed that Pierce was not a member of the Bloods street gang and was therefore not involved in the crimes. *Id.* Pierce argues that his counsel should have introduced Long's statement at trial. *Id.*

Complaints about uncalled witnesses are disfavored. *Sanders v. United States*, 314 F. App'x 212, 213 (11th Cir. 2008). "This is especially true because allegations of what a witness would have testified are largely speculative. Speculation about what witnesses could have said is not enough to establish the prejudice prong of *Strickland*." *Jones v. McNeil*, WL 1758740, at *6 (S.D. Fla. 2009). "[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or an affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *United States v. Ashimi,* 932 F.2d 643, 650 (7th Cir. 1991) (footnotes omitted).

Here, Pierce does not explain how the conversations that Stephanie Chainey allegedy had with the victim, and which Ronda Chainey was allegedly privy to, would have exonerated him.   Moreover, Pierce presents no testimony or affidavits from Stephanie Chainey or Ronda Chainey averring that they were willing to testify at his trial in a manner consistent with what Pierce alleges.   Therefore, Pierce fails to demonstrate that these two uncalled witnesses would have provided favorable testimony at his trial.   Consequently, he cannot show that he was prejudice by his counsel's failure to present testimony from these witnesses.

Regarding Valerie Long, it is unclear when she made the statement from jail that she did not know Pierce, although it appears she made the statement after Pierce's trial.   Pierce's counsel cannot be faulted for failing to anticipate and present at trial a statement that had not yet been made at the time of trial (or that counsel could not reasonably have been aware of).   Moreover, Long's statement from jail was not dispositive of Pierce's membership in the Bloods street gang or his participation in the crimes, and there was ample trial testimony indicating that Pierce was a member of the Bloods and participated in the crimes.[4]   Pierce has shown no likelihood that he was prejudiced by his counsel's failure to present Long's statement that she did not know Pierce.   Consequently, Pierce is entitled to no relief based on this claim of ineffective assistance of counsel.

### 6.   *Advice Not to Testify*

---

[4] At Pierce's sentencing hearing, his counsel argued at length that Long's statement was evidence that Pierce was not a member of the Bloods and that other statements by Long, which were referenced in the PSI, regarding Pierce's participation in the crimes were unreliable.   *See* Doc. # 16-3 at 17–31.

In his March 2017 amendment to his § 2255 motion, Pierce argues that his trial counsel rendered ineffective assistance by advising him not to testify.  *See* Doc. # 11 at 2–3.  According to Pierce, allowing him to testify was his "only defense" in the face of the evidence against him.  *Id*. at 3.

At trial, after the Government rested its case, the district court engaged in a colloquy with Pierce regarding whether he wished to testify.  As the trial transcript shows, Pierce affirmed to the district court that (1) he understood his right to testify; (2) he discussed whether or not to testify with his counsel and was satisfied with counsel's advice on the matter; and (3) it was his (Pierce's) decision not to testify.[5]  Pierce's affirmation in the colloquy with the district court belie any suggestion that Pierce's counsel failed to advise him of his right to testify or prevented him from testifying in his own defense.  A party's sworn account of events may be disregarded if it is "blatantly contradicted by the record, so that no reasonable [trier of fact] could believe it."  *Scott v. Harris*, 550 U.S. 372, 380 (2007).  *See also, e.g., Van T. Junkins & Assoc., Inc. v. U.S. Indus.*, 736 F.2d 656, 658–59 (11th Cir.1984) ("When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony.").

Further, even if Pierce may have desired to testify, his statements to the district court constituted a waiver of that right.  "[I]f an accused desires to exercise [his] constitutional

---

[5] *See* Criminal Case No. 3:11cr8-WKW, Doc. # 486 at 184–85.

right to testify the accused must act affirmatively and express to the court [his] desire to do so at the appropriate time or a knowing and voluntary waiver of the right is deemed to have occurred." *United States v. Kamerud*, 326 F.3d 1008, 1017 (8th Cir. 2003) (citation omitted).

Finally, if the gist of Pierce's claim here is that his counsel's advice that he not testify was professionally unreasonable, Pierce fails to establish that he was prejudiced by counsel's advice.  To establish prejudice, Pierce must demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  Pierce's assertion that allowing him to testify was his only defense is unsupported by facts or argument.  Pierce states only that he would have testified that he "did not conspire with the alleged co-defendants in the case." Doc. # 11-1 at 2.  Pierce does not show there was a reasonable probability that the verdict would have been different had he testified to this effect.  Consequently, he is entitled to no relief on this claim of ineffective assistance of counsel.

### 7.   *Failure to Move for Severance*

In the affidavit included with his March 2017 amendment to his § 2255 motion, Pierce argues that his trial counsel was ineffective for failing to move to sever his trial from that of his codefendants.  *See* Doc. # 11-1 at 3.  According to Pierce, his joint trial with his codefendants created a "spillover effect" that allowed the Government to present prejudicial evidence that unfairly linked him to his codefendants' unlawful acts.  *Id*.

Pierce's claim has no basis in fact, as the record reflects that his counsel filed a motion to sever on December 20, 2011, which the district court denied on December 22,

2011.[6]  Counsel's motion to sever was based primarily on a request to continue Pierce's trial, and to separate it from a trial of his codefendants, to allow counsel additional time to prepare for Pierce's trial.  Even so, Pierce fails to show that a motion to sever based on his "spillover effect" argument would have succeeded.

As a general rule, defendants jointly indicted should be tried together. *United States v. Morales*, 868 F.2d 1562, 1571 (11th Cir. 1989); *United States v. Morrow*, 537 F.2d 120, 136 (5th Cir. 1976).  This is particularly true in conspiracy cases, where charges against multiple defendants may be proven with substantially the same evidence. *United States v. Dorsey*, 819 F.2d 1055, 1058 (11th Cir. 1987).  Severance is only justified when a defendant can show prejudice from which the trial court cannot provide adequate protection.  *Dorsey*, 819 F.2d at 1058; *Morrow*, 537 F.2d at 136.  That a defendant may suffer some prejudice is not reason enough to justify severance, as a degree of prejudice is inherent in joint trials.  *United States v. Harris*, 908 F.2d 728, 736 (11th Cir. 1990).  Defendants' allegations of prejudice must be balanced against the interest of judicial economy and concomitant policy favoring joint trials in conspiracy cases.  *United States v. Kopituk*, 690 F.2d 1289, 1318 (11th Cir. 1982).

Prejudice is not established simply because a defendant claims to be a minor figure and argues that much of the evidence at trial may apply only to codefendants.  *See United States v. Smith*, 918 F.2d 1501, 1509–10 (11th Cir. 1990).  A defendant does not suffer compelling prejudice even if much of the evidence actually produced at trial applies only

---

[6] *See* Criminal Case No. 3:11cr8-WKW, Docs. # 158 and 166.

to codefendants. *Id.*; *United States v. Casamayor*, 837 F.2d 1509, 1511 (11th Cir. 1988). The possible prejudicial effects of such disparity can be significantly alleviated if the trial court instructs the jury it must consider the evidence against each defendant on a separate and independent basis. *United States v. Pritchett*, 908 F.2d 816, 822 (11th Cir. 1990).

Here, Pierce's assertions about the Government's presentation of evidence of unlawful acts by his codefendants in which he was not involved do not establish compelling prejudice sufficient to justify severance. Nor does Pierce demonstrate a degree of prejudice sufficient to outweigh the interest of judicial economy and the policy favoring joint trials in conspiracy cases. *Kopituk*, 690 F.2d at 1318. Pierce demonstrates no reasonable likelihood that a motion to sever his trial from that of his codefendants based on his "spillover effect" argument would have succeeded. Further, the trial court instructed the jury that it must consider the evidence against each defendant on a separate and independent basis,[7] alleviating the possible prejudicial effects of the presentation of evidence of unlawful acts by Pierce's codefendants in which Pierce was not involved. *Pritchett*, 908 F.2d at 822.

Pierce does not demonstrate deficient performance in his counsel's failure to move to sever his trial from that of his codefendants based on the "spillover effect" of evidence, and he fails also to demonstrate any resulting prejudice. Therefore, he is entitled to no relief on this claim of ineffective assistance of counsel.

### 8. *PSI and Sentencing Issues*

---

[7] *See* Criminal Case No. 3:11cr8-WKW, Doc. # 467 at 93.

Pierce present several claims of ineffective assistance of counsel regarding his trial counsel's performance with respect to the presentence investigation report ("PSI") and other sentencing issues.  Doc. # 1 at 6; Doc. # 2 at 34–35.

First, Pierce cursorily alleges that his counsel failed to review, discuss, and explain the PSI prior to his sentencing hearing.  Doc. # 1 at 6; Doc. # 2 at 34.  Even accepting Pierce's allegation as true, Pierce does not explain how his sentence would have been materially different had his counsel reviewed, discussed, and explained the PSI to him before sentencing.[8]  Pierce therefore fails to demonstrate a reasonable probability that, but for his counsel's alleged unprofessional errors, the result of the sentencing proceeding would have been different.  Failing to demonstrate prejudice, Pierce is entitled to no relief on this claim of ineffective assistance of counsel.

Pierce also claims his counsel failed to file substantive objections to the PSI.  Doc. # 1 at 6; Doc. # 2 at 34.  However, the record reflects the Pierce's counsel filed eight objections to the PSI on Pierce's behalf and argued them at the sentencing hearing.  *See* Doc. # 17-1 at 22–25; Doc. # 16-3.  Pierce points to no other objection that his counsel should have raised and argued.  He fails to establish deficient performance by counsel or resulting prejudice.  Therefore, he is entitled to no relief on this claim.

---

[8] The transcript of Pierce's sentencing hearing suggests that Pierce's counsel did review the PSI and discuss aspects of the PSI with Pierce before the sentencing hearing.  For instance, it is apparent from statements by counsel at the hearing that counsel had previously discussed with Pierce various prior convictions that were indicated as part of Pierce's criminal history in the PSI. *See* Doc. # 16-3 at 6–7.

23

Pierce argues that his counsel was ineffective at sentencing for failing to argue for mitigation of punishment and for failing to argue that his sentence was substantively unreasonable. Doc. # 1 at 6; Doc. # 2 at 34–35. In this regard, Pierce maintains that his counsel should have moved for a downward variance of his sentence, but he sets forth no basis upon which his counsel should have sought such a variance. Nor does he present any basis upon which his counsel should have argued that his sentence was substantively unreasonable. Consequently, he fails to establish deficient performance by counsel or resulting prejudice.

Pierce argues that his counsel should have challenged the district court's reliance on the statements of various individuals, including Valerie Long, contained in the PSI in determining his sentence. Doc. # 2 at 34–35. But his counsel did argue at the sentencing hearing—and in objections to the PSI—that these individuals, particularly Valerie Long, lacked reliability and credibility and that their statements implicating Pierce should not be considered. *See* Doc. # 16-3 at 12, 17–31; Doc. # 17-1 at 22–25. The district court overruled counsel's objections. Again, Pierce fails to establish deficient performance by counsel, or resulting prejudice. He is entitled to no relief on this claim of ineffective assistance of counsel.

### 9. *Counsel's Performance on Appeal*

Pierce presents several claims of ineffective assistance of counsel regarding his counsel's performance in his appeal. *See* Doc. # 1 at 8; Doc. # 2 at 35–37. He claims that counsel (1) failed to communicate with him about the appeal; (2) did not allow him to

participate in his appeal; and (3) failed to raise stronger issues on appeal, instead of the weak issues that counsel raised. *Id*.

Pierce wholly fails to show that his counsel acted deficiently in his appeal or that he sustained prejudice because of counsel's allegedly deficient performance. Pierce does not explain any prejudice arising from his counsel's alleged failure to communicate with him about the appeal, does not explain how he was prevented from participating in the appeal, and outlines no stronger issues that counsel failed to present on appeal. Pierce's conclusory allegations entitle him to no relief on these claims.

Pierce asserts that his counsel "dropped off his case without notice," while the case was on appeal (after filing a brief, but before the Eleventh Circuit's decision), which, according to Pierce, resulted in Pierce's not being "informed in a timely manner that he can file for a Petition for Writ of Certiorari." Doc. # 2 at 36. Certiorari review by the Supreme Court is discretionary. *Ross v. Moffitt*, 417 U.S. 600, 617 (1974). Criminal defendants do not have a constitutional right to counsel to pursue discretionary review. *See Austin v. United States*, 513 U.S. 5, 8 (1994). Because a defendant does not have a constitutional right to counsel on discretionary appeals, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), counsel's performance cannot be deemed constitutionally deficient for a failure to petition the Supreme Court for certiorari review. *See Wainwright v. Torna*, 455 U.S. 586, 587–88 (1982); *see also Nichols v. United States*, 563 F.3d 240, 251 (6th Cir. 2009); *Steele v. United States*, 518 F.3d 986, 988 (8th Cir. 2008). Here, Pierce has no legitimate claim under § 2255 based on his allegation that his counsel's actions resulted in the failure to file a petition for writ of certiorari with the Supreme Court. *See Lynn*, 365

F.3d at 1232 (relief under § 2255 is reserved to correct errors of constitutional dimension, or fundamental errors which result in a complete miscarriage of justice).

The Eleventh Circuit has not reached the issue of whether it is ineffective assistance of counsel for appellate counsel to fail to advise a defendant of his right to petition for certiorari with the Supreme Court. *See Sessions v. United States*, 416 F. App'x. 867, 869 (11th Cir. 2011) ("declin[ing] to address the hypothetical question of whether it might constitute ineffective assistance of counsel for an attorney to fail to advise a client of his right to file a petition for a writ of certiorari in violation of the Criminal Justice Act Plan where the client asserts that he would have filed such a petition if he had been informed"). There is considerable support for the proposition that because there is no constitutional right to counsel to pursue discretionary review in the Supreme Court, there can be no claim that appellate counsel's performance was ineffective where counsel fails to advise a defendant of the right to pursue such review. *See, e.g., United States v. Arechiga–Ramirez*, 370 F. App'x 784, 785 (9th Cir. 2010) (rejecting § 2255 claim of ineffective assistance of counsel based on failure to advise of right to petition Supreme Court for writ of certiorari); *Steele*, 518 F.3d at 988 (rejecting § 2255 claim of ineffective assistance of counsel based on alleged breach of the provisions of the Eighth Circuit's Criminal Justice Act Plan where counsel allegedly "failed to inform petitioner of the procedure and time limits for filing a certiorari petition pro se" finding "[w]e disagree that such violations would create a constitutional right to effective assistance of counsel"); *Pena v. United States*, 534 F.3d 92, 95–96 (2d Cir. 2008) (rejecting § 2255 claim of ineffective assistance of counsel based on failure of appellate counsel to notify petitioner of right to file for certiorari); *Moore v.*

*Cockrell*, 313 F.3d 880, 882 (5th Cir. 2002) (rejecting § 2255 claim of ineffective assistance of counsel based on failure of counsel to timely notify petitioner of the outcome of his direct appeal which allegedly resulted in petitioner being time-barred from filing a discretionary appeal); *see also Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citing *Wainwright v. Torna* for the proposition that "when there is no constitutional right to counsel there can be no deprivation of effective assistance").

However, even if Pierce had a constitutional right to have counsel advise him of his opportunity to pursue discretionary review, his ineffective-assistance-of-counsel claim would fail under the second part of the *Strickland* test, because he has not shown prejudice. Pierce demonstrates no error—and does not try to demonstrate error—in the Eleventh Circuit's judgment affirming his convictions and sentence.  Nothing in the allegations of Pierce's § 2255 motion suggests that his case would have been selected by the Supreme Court for review or that the ultimate outcome of the proceedings would have been different. *See Steele*, 518 F.3d at 988–89 (requiring petitioner to demonstrate prejudice where counsel did not file petition for certiorari by showing she would have succeeded in obtaining a writ of certiorari and a reasonable probability she would have obtained relief on her sentence).

For the reasons set forth above, Pierce is entitled to no relief on this claim of ineffective assistance of counsel.

## C.    *Johnson* and *Davis* Claims in Amendments

In August 2017, Pierce amended his § 2255 motion to add a claim that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidates his

conviction under 18 U.S.C. § 924(c) (Count Five of the indictment) because the predicate

crime charged in that count, carjacking in violation of 18 U.S.C. § 2119, cannot qualify as

a crime of violence under § 924(c)'s residual clause.  Doc. # 25.  In October 2019, Pierce

again moved to supplement his § 2255 motion, this time claiming that the Supreme Court's

decision in *United States v. Davis*, 139 S.Ct. 2319 (2019), invalidates both his conviction

under 18 U.S.C. § 924(c) and his conviction under 18 U.S.C. § 924(o) (Count One).  Doc.

# 47.  As discussed below, neither of Pierce's amended claims has merit.

Section 924(c) of Title 18 of the United States Code criminalizes the use or carrying

of a firearm in furtherance of a crime of violence or drug-trafficking crime.  18 U.S.C.

§ 924(c).  A "crime of violence" is a felony offense that either:

> (A) has as an element the use, attempted use, or threatened use of
> physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force
> against the person or property of another may be used in the course of
> committing the offense.

18 U.S.C. § 924(c)(3).

Subsection (A) is known as the "elements clause,"[9] while subsection (B) is known

as the "residual clause."  *Davis*, 139 S. Ct. at 2324.  In *Davis*, the Supreme Court extended

its holding in *Johnson*[10] to § 924(c) and held that § 924(c)(3)(B)'s residual clause, like the

---

[9] The elements clause is sometimes referred to as the force clause or the use-of-force clause.  *See
In re Smith*, 829 F.3d 1276, 1278 (11th Cir. 2016).

[10] In *Johnson*, the Supreme Court struck the Armed Career Criminal Act's ("ACCA") residual
clause as unconstitutionally vague.  *See* 135 S. Ct. at 2557.  The residual clause in § 924(c) is
similar to that in the ACCA.  *See In re Hammoud*, 931 F.3d 1032, 1037 (11th Cir. 2019).

residual clause in the Armed Career Criminal Act, is unconstitutionally vague. *Davis*, 139 S. Ct. at 2324–25, 2336. Because, Pierce challenges his convictions under § 924(c) and § 924(o), which incorporates § 924(c), this court analyzes Pierce's claims under *Davis*.

A federal prisoner raising a *Davis* claim cannot show that he was sentenced under § 924(c)'s residual clause if current binding precedent clearly establishes that his predicate offense qualifies as a crime of violence under the elements clause. *In re Pollard*, 931 F.3d 1318, 1321 (11th Cir. 2019); *see also United States v. St. Hubert*, 909 F.3d 335, 346 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 1394 (2019), *and abrogated in part on other grounds by Davis*, 139 S. Ct. at 2336 (holding decisions published in the context of applications for leave to file a second or successive § 2255 motion are binding precedent on all subsequent panels of this Court). The Eleventh Circuit has held that aiding and abetting a crime of violence qualifies as a crime of violence for purposes of the elements clause, § 924(c)(3)(A). *Steiner v. United States*, 940 F.3d 1282, 1293 (11th Cir. 2019). In *In re Colon*, 826 F.3d 1301 (11th Cir. 2016), the Eleventh Circuit held the defendant's § 924(c) conviction was valid, regardless of the validity of the residual clause, because its predicate offense of aiding and abetting Hobbs Act robbery qualified as a crime of violence under § 924(c)(3)(A). *See* 826 F.3d at 1305.

Here, Pierce cannot show that his § 924(c) conviction is invalid in light of *Davis* because, regardless of *Davis*'s holding that the residual clause in § 924(c)(3)(B) is unconstitutionally vague, the Eleventh Circuit has held that a carjacking conviction under 18 U.S.C. § 2119 qualifies as a crime of violence under the elements clause, § 924(c)(3)(A). *See In re Smith*, 829 F.3d 1276, 1280–81 (11th Cir. 2016). Because the Eleventh Circuit

has further held that where the companion substantive conviction qualifies as a crime of violence under the elements clause in § 924(c)(3)(A), a conviction for aiding and abetting the companion substantive conviction equally qualifies as a crime of violence under the elements clause, *see Colon,* 826 F.3d at 1305, Pierce's § 924(c) conviction under Count Five for aiding and abetting the brandishing and discharging of a firearm in furtherance of a crime of violence, specifically carjacking, remains valid.

Likewise, Pierce's conviction under § 924(o) remains valid.  Section 924(o) provides:

> A person who conspires to commit an offense under subsection (c) shall be imprisoned for not more than 20 years, fined under this title, or both; and if the firearm is a machinegun or destructive device, or is equipped with a firearm silencer or muffler, shall be imprisoned for any term of years or life.

18 U.S.C. § 924(o).  Count One of the indictment charged Pierce with conspiracy to possess firearms in furtherance of crimes of violence, in violation of 18 U.S.C. § 924(o).  *See* Doc. # 16-1 at 3–4.  The firearm conspiracy alleged in Count One referenced multiple predicate offenses, specifically, attempted carjacking, aiding and abetting carjacking, and Hobbs Act robbery (18 U.S.C. § 1951(a)).  *Id.*  Under binding Eleventh Circuit precedent, attempted carjacking, aiding and abetting carjacking, and Hobbs Act robbery all qualify as crimes of violence under § 924(c)'s elements clause, § 924(c)(3)(A).[11]  *See Smith,* 829 F.3d at 1280–81 (carjacking is a crime of violence under the elements clause); *Colon,* 826 F.3d at 1305

---

[11] A § 924(c) conviction requires only that the crime of violence be one "for which the person *may be* prosecuted in a court of the United States."  *See* 18 U.S.C. § 924(c)(1)(A) (emphasis added). The Eleventh Circuit has held that the government need show "only the fact of the [predicate] offense, and not a conviction."  *United States v. Frye,* 402 F.3d 1123, 1128 (11th Cir. 2005).

(aiding and abetting a crime of violence qualifies as a crime of violence); *St. Hubert*, 909 F.3d at 352 (attempt to commit a crime of violence qualifies as a crime of violence); *United States v. Harvey*, 791 F. App'x 171, 171–72 (11th Cir. 2020) (same); *In re Saint Fleur*, 824 F.3d 1337, 1340-41 (11th Cir. 2016) (Hobbs Act robbery is a crime of violence under the elements clause).  Thus, the predicate crimes for the § 924(c) offenses underlying Pierce's § 924(o) conviction were all crimes of violence under the elements clause.  Consequently, Pierce's § 924(o) conviction is unaffected by *Davis* and remains valid.[12]

### III. CONCLUSION

Accordingly, for the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Pierce be DENIED and this case DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before March 12, 2020.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or

---

[12] In *Chance v. United States*, 791 F. App'x 165 (11th Cir. 2020), the Eleventh Circuit invalidated the petitioner's § 924(o) conviction for conspiracy to use and carry a firearm during and in relation to a crime of violence because the predicate crime for the § 924(c) offense underlying the § 924(o) charge was conspiracy to commit Hobbs Act robbery, and *conspiracy* to commit Hobbs Act robbery (as opposed to Hobbs Act robbery, aiding and abetting Hobbs Act robbery, and attempted Hobbs Act robbery) does not qualify as a crime of violence under the elements clause, § 924(c)(3)(A).  *See* 791 F. App'x at 166–67.  The Court noted, however, that the § 924(o) conviction would have been valid if the predicate crime for the § 924(c) offense underlying the § 924(o) charge qualified as a crime of violence under the elements clause.  *Id.*  Pierce's § 924(o) conviction is valid because the predicate crimes for the § 924(c) offenses underlying the § 924(o) charge were all crimes of violence under the elements clause (as determined under binding Eleventh Circuit precedent).

general objections will not be considered.   Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.   *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.   *See Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).   *See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 27th day of February, 2020.

/s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE